## Luscher et al. v. Luscher et al.

December 3, 1948.

Smith & Leary and Clyde E. Reed for appellants.

Leslie W. Morris and Marion Rider for appellees.

OPINION OF THE COURT BY CLAY, COMMISSIONER—Affirming.

This action was brought by appellant for a construction of his mother's will, and to have a tract of land devised by her partitioned among her three sons. The Chancellor set apart to appellant a portion of the prop-

erty, which on this appeal he contends does not comply with the terms of the will.

At the date of the testatrix' death she owned a tract of land containing approximately 138 acres on the Leestown Pike about a mile northwest of Frankfort. The tract is oblong in shape, faces on the highway with a frontage of 1061 feet, extends northeasterly some 3000 feet, and has a width in the rear of about 1800 feet. The dwelling house on the property is located near the middle of the tract approximately 300 feet from the highway. This residence is a two-story brick structure containing 8 or 9 rooms. Behind it are several outbuildings. A feed barn and a tobacco barn are located more than 250 feet east of the house. There are no other buildings on the property except what appears on the map to be a tenant house and an outbuilding at the rear. The land is apparently of fair quality for agricultural purposes and includes substantial wooded portions.

The testatrix died in 1946, survived by her three sons. This is her will:

"July 18, 1944

"I give and bequeath to my three sons, August E. Luscher, Wm. T. Luscher and Edgar H. Luscher all my property, and appoint them administrators, without bond.

"In the division of the property, I bequeath to my son Edgar H. Luscher that part of the land on which our home is built, with all the land facing the pike (Leestown) in front, and as much land as will make each of my three boys have land of equal value, when divided, and in the division I hope they will agree with each other, as well as they have done all their lives, as I have tried to be just.

Emma Luscher"

It is appellant Edgar's contention that under this will he was specifically devised the residence, the surrounding outbuildings, the feed and tobacco barns, the entire frontage on the Leestown Pike, and all of the land extending back along the property lines which would include the outbuildings and barns. His brothers concede that he is entitled to the residence, its immediately appurtenant outbuildings, and a frontage on the Pike,

but maintain he is not entitled to additional land which would give him a share of the property with a value in excess of one-third of the entire tract.

The Chancellor adopted the view of appellant's two brothers, went upon the land and laid out a lot with a frontage on the Leestown Pike of 532 feet and a depth of 407 feet. The boundary includes the residence, the outbuildings to the rear of it, a garden plot, and part of an orchard. The Chancellor found that this portion was at least equal to one-third of the value of the entire tract, and appellant does not attach such finding. He also determined that to allow appellant the full frontage on the Leestown Pike with sufficient land to include the residence and other outbuildings would create a lot with a value greatly in excess of one-third the value of the whole.

It is of course admitted that the intention of the testatrix is the controlling consideration. A careful examination of the will convinces us she contemplated an equal division of her property among her three sons. It is true she particularly wanted appellant to have the dwelling house. She did not, as he insists, devise her "home" to him. The language of the will is: "land on which our home is built." This did not necessarily carry with it the feed and tobacco barns and the extensive orchard, even though they might be considered a part of the curtilage.

The language "with all the land facing the Pike (Leestown) in front" is ambiguous when considered in context. If the testatrix had fixed other boundaries, the expression would be clear. Without such other boundaries being specifically described, a plot including all the frontage on the Leestown Pike could be laid off in almost any shape so long as it included the land upon which the residence was built. Such a possibility forces us to again consider the intention of the testatrix as expressed in the will. Three objectives stand out: (1) Each of her sons was to have a portion of the land equal in value to that of the others; (2) appellant was to have the residence; and (3) the residence should include frontage on the Leestown Pike. The division made by the Chancellor conforms to these objectives.

680

If appellant's position was sustained, the dominant consideration, (1) above, would be wrecked. Not only that, but it is a settled principle the courts favor equality among descendant beneficiaries under a will, and where language is subject to two possible interpretations, the one resulting in equality will be adopted. Riggs et al v. Fidelity & Columbia Trust Co. et al., 273 Ky. 54, 115 S. W. 2d 298.

On the whole case we believe the Chancellor properly interpreted the will and divided the property fairly and equitably in accordance with its terms.

The judgment is affirmed.